IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUCAS EDWARDS                                                                                           PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:14cv163-FKB-FKB

CHRISTOPHER EPPS, ET AL.                                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment [42] filed by Defendants Christopher Epps, James M. Holman, and Eydie Winkel in this case brought pursuant to 42 U.S.C. § 1983. Each of these Defendants has moved for summary judgment on the basis of Eleventh Amendment sovereign immunity. In addition, these defendants argue that Plaintiff's claims against them in their individual capacities fail. Plaintiff did not respond to the summary judgment motion within the fourteen-day period allowed by the Local Uniform Civil Rules. *See* L. U. Civ. R. 7(b)(4). After expiration of the time for response, Plaintiff filed a motion for extension of time [45] to respond to the summary judgment motion. In an abundance of caution, the Court granted the extension, and Plaintiff filed his response [46]. After considering his response, the Court deferred ruling on the summary judgment motion and established a period of discovery, which was extended once at the request of Plaintiff. *See* [47], [50]. Plaintiff has now filed another response [53] to the summary judgment motion.

At the omnibus hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Plaintiff, who was incarcerated at the time he filed this action, is proceeding *pro se* and *in forma pauperis* ("IFP"). 28 U.S.C. § 1915. According to the Court's records, although Plaintiff

was unincarcerated or "free world" at one point, he is now re-incarcerated. For the reasons explained below, the Court grants these defendants' motion [42] for summary judgment and dismisses Edwards's claims against them.

## I. Plaintiff's Claims

At the time of the November 2012 events forming the basis of this lawsuit, Plaintiff was confined at the Central Mississippi Correctional Facility ("CMCF"), located in Pearl, Mississippi. Defendants are officials with the Mississippi Department of Corrections ("MDOC") at the time of the events, as follows: the former Commissioner of MDOC, Christopher Epps; the former MDOC Superintendent of CMCF, James M. Holman; and a Warden of CMCF, Eydie Winkel.

In sum, Edwards alleges that these defendants failed to protect him from harm from a correctional officer, Alexander Sims. Edwards alleges that Sims sexually assaulted him in November 2012, when Sims and another officer had transported him to a court hearing, and when Sims accompanied Edwards to use the restroom at the courthouse.[1]  [1] at 5-6; [41] at 6; [42-1] at 6. More specifically, Edwards alleges that Sims forcibly performed oral sex upon him. *Id.*

At the omnibus hearing, Edwards was given an opportunity to elaborate upon his claims. As to his claims against Epps, he testified that he had sued Epps because Epps was in charge of the MDOC. [42-1] at 9. Edwards testified that he had sued Holman because Holman was the superintendent of CMCF, Holman had denied his request for an administrative remedy about the assault and his request to be released pending the investigation, and Holman "probably" knew that Sims would sexually assault him based on other inmates' statements. *Id.* at 10-13. Finally,

---

[1] According to Holman's declaration [42-2], Sims's employment with MDOC was terminated after an investigation

Edwards testified that he had sued Winkel because she was the warden, and that she had knowledge of other sexual assaults by Sims against other inmates. *Id.* at 13-14.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" *Hicks v. Brysch*, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing *Tacon Mech. Contractors v. Aetna Cas. and Sur. Co.*, 65 F.3d 486, 488 (5th Cir. 1995)). The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

---

of Edwards's allegations.

III. Discussion

In this case alleging a failure to protect, the standard for evaluating such claims is found in *Farmer v. Brennan*, 511 U.S. 825 (1994). In *Farmer*, the Supreme Court held that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

Having considered Defendants' filings, Plaintiff's responses, Plaintiff's omnibus hearing testimony, and the Complaint, the Court finds that summary judgment should be granted in favor of these defendants.

A. Official Capacity Claims

These defendants have moved for summary judgment on Edwards's claims against them in their official capacities. Edwards has responded to their motion for summary judgment and argues that Defendants "created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom." [53] at 1.

Epps is the former Commissioner of the MDOC. Holman is the former Superintendent of CMCF, and Winkel was a Warden at CMCF at the time of the events forming the basis of this lawsuit. It is well-established that a suit against a state official in his or her official capacity is a suit against the state, and the state generally cannot be sued under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Epps, Holman, and Winkel are entitled to summary judgment with respect to claims against them in their official capacities.

4

B. Individual Capacity Claims

Movants also argue that Plaintiff fails to allege cognizable claims against them in their individual capacities. In his response to the motion for summary judgment, Edwards asserts, for the first time in this proceeding, that Epps, Holman, and Winkel all acted with deliberate indifference to his safety in violation of the Eighth Amendment because "they knew that Officer Sims was an openly-gay male who projected feminine characteristics and that . . . putting him to work in a general male prison . . .was like an accident waiting to happen." [46] at 1. He further argues that these defendants had actual knowledge that the sexual harassment of other inmates by Sims was "longstanding and pervasive," and that "circumstances suggested" that they had been "exposed to information concerning the risk." *Id.* at 2.

1. Claims against Epps

As discussed above, in prior filings and at the omnibus hearing, Edwards stated that he had sued Epps because he was the head of MDOC. He also admitted that Epps was not personally involved in the incident forming the basis of this action. [42-1] at 9.

These claims against Epps fail because they are based on the theory of *respondeat superior*. Plaintiff has failed to allege Epps's direct involvement in the alleged deprivations on which this action is based. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)( "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."). Under § 1983, supervisory officials "cannot be held liable for the actions of subordinates under any theory of vicarious liability." *Id.* Accordingly, these claims against Epps fail to rise to the level of a constitutional violation.

In his responses to the motion for summary judgment, Edwards now asserts that Epps is

liable to him because he failed to train or supervise his employees. [46], [53]. To hold a supervisory official liable under section 1983 for the wrongful acts of a subordinate, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoettsy*, 158 F.3d 908, 911-912 (5th Cir. 1998). For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Edwards has failed to come forward with any evidence, other than his unsubstantiated assertions, that Epps personally failed to train or supervise Sims. His basic argument is that Sims's assault of him is evidence of a failure to train or supervise, and thus, is "tantamount to deliberate indifference." [46] at 3. This argument, however, does not equate to admissible evidence. Edwards's burden at this juncture is not satisfied by "unsubstantiated assertions" or "conclusory allegations." *Little*, 37 F.3d at 1075. Accordingly, Epps is entitled to summary judgment on Edwards's claim that he failed to train or supervise his employees.

2.  Claims against Holman

Holman is also entitled to summary judgment on Edwards's claims against him. At the omnibus hearing, Edwards testified that one basis for his claims against Holman was that Holman did not resolve or investigate his grievance to his satisfaction. This claim fails, as a prisoner "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process

6

violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005).

In addition, Edwards testified at the omnibus hearing that he had sued Holman because he had personal knowledge that Sims had committed similar acts against other inmates prior to his incident. [42-1] at 12-13. When questioned at the omnibus hearing about what evidence he had that Holman knew of similar acts by Sims prior to his incident, Edwards asserted that his proposed inmate witnesses would testify that Sims was "watching people in the shower" and making inmates "lift [their] scrubs up . . . two and three times." [42-1] at 12. As a part of the motion for summary judgment, Holman has declared in an affidavit that prior to this incident, he was not aware of any "allegations or information whatsoever regarding any sexual assault or inappropriate contact with any inmates" by Sims. [42-2] at 1.

As to these assertions that Holman knew of Sims's inappropriate acts, a prison official acts with deliberate indifference and "may be held liable under the Eighth Amendment for denying human conditions of confinement only if he knows that inmates face a substantial risk of bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To "survive summary judgment, [a prisoner] must come forward with evidence from which it can be inferred that defendant-officials . . . knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." *Id.* at 846.

Edwards has failed to put forth any evidence, other than the allegations of his complaint, his omnibus hearing testimony, and the unsupported allegations of his responses. [46], [53]. In his affidavit, Holman states that he had no prior knowledge of any allegations regarding sexual assault or inappropriate conduct by Sims toward inmates. [42-2] at 1. Thus, the undisputed

7

evidence shows that Holman was not aware of any allegations of inappropriate conduct by Sims toward inmates, and therefore, that Holman could not have "knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." *Farmer*, 511 U.S. at 846. Edwards's burden at this juncture is not satisfied by "unsubstantiated assertions" or "conclusory allegations." *Little*, 37 F.3d at 1075. Thus, Holman is entitled to summary judgment on all of Edwards's claims.

3. Claims against Winkel

For the same reasons, Edwards's failure to protect claim against Winkel also fails. Edwards asserts that he sued Winkel because she was a warden at CMCF at the time of the incident, and that she had knowledge that Sims was engaging in inappropriate conduct with inmates, including sexual assault. In support of this motion for summary judgment, Winkel has presented an affidavit stating that prior to the incident, she "was aware of no allegations or information whatsoever regarding any sexual assault or inappropriate contact with any inmates by" Sims. [42-7] at 1. Edwards has failed to put forth any evidence, other than the allegations of his complaint, his omnibus hearing testimony, and allegations contained in his responses. [46], [53]. Edwards's burden at this juncture is not satisfied by "unsubstantiated assertions" or "conclusory allegations." *Little*, 37 F.3d at 1075.[2] Accordingly, the Court grants summary judgment in favor of Winkel on Edwards's individual capacity claims.

---

[2] As noted above, the Court, after receiving Plaintiff's first response to the instant summary judgment motion, deferred ruling and granted a discovery period. In that order [47], the Court warned Plaintiff that "his burden of production is not satisfied by 'conclusory allegations' or by 'unsubstantiated assertions' . . . ." [47] at 2. Further, in that order, the Court specifically noted Plaintiff's claim in his first response that "'evidence (testimony of other inmates) and prison official files of Officer Sims' institutional conduct reports'" would support his allegations and that in his response, he had "fail[ed] to submit any sworn testimony from these alleged 'other inmates' by affidavit or otherwise or any 'official files . . . [or] reports.'" Despite these warnings and the discovery period (which the Court extended at Plaintiff's request), Plaintiff provided no evidence in his second response to support his claims

## IV. Conclusion

Accordingly, for the reasons discussed above, the Court finds that Defendants Epps, Holman, and Winkel are entitled to summary judgment as to all of Edwards's claims. Accordingly, Edwards claims against Epps, Holman, and Winkel are hereby dismissed with prejudice.

SO ORDERED, this the 4th day of August, 2017.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE

---

against Holman or Winkel.